UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARRY SEWELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2376-WBV-KWR** |
| **ST. BERNARD PARISH GOVERNMENT** | **SECTION: "D" (4)** |

### ORDER AND REASONS

Before the Court is a Motion to Strike Insufficient Affirmative Defenses, filed by plaintiff, Barry Sewell.[1] Relying on Fed. R. Civ. P 12(f), Plaintiff seeks to strike as insufficient an affirmative defense asserted by Defendant that the contract at issue is an absolute nullity due to Plaintiff's alleged violation of Louisiana's Public Bid Law, La. R.S. 38:2211, *et seq*. Defendant, St. Bernard Parish Government, opposes the Motion.[2]

Federal Rule of Civil Procedure 12(f) provides, in pertinent part, that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[3] "A motion to strike is appropriate when the allegations are prejudicial to the opposing party or immaterial to the lawsuit. An allegation is immaterial to the lawsuit when the challenged allegations do not bear on the subject matter of the litigation."[4] According to the Fifth Circuit,

---

[1] R. Doc. 15.
[2] R. Doc. 16.
[3] Fed. R. Civ. P. 12(f).
[4] *721 Bourbon, Inc. v. Willie's Chicken Shack, LLC*, Civ. A. No. 19-9069-WBV-MBN, 2020 WL 587886, at *1 (E.D. La. Feb. 6, 2020) (Vitter, J.) (quoting *Schlesinger v. Hasco Thibodaux, LLC*, Civ. A. No. 13-6237, 2014 WL 527657, at *1 (E.D. La. Feb. 7, 2014) (Berrigan, J.)) (internal quotation marks omitted).

"Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance."[5]  As a result, motions to strike under Rule 12(f) "are generally disfavored and infrequently granted due to the fact that they are a drastic remedy and are often used as a dilatory tactic."[6]  The moving party must generally make a showing of prejudice before a motion to strike is granted.[7]

In light of the fact that motions to strike under Rule 12(f) are generally disfavored and infrequently granted in this Circuit, as well as the Court's conversation with counsel for the parties during an April 18, 2022 Telephone Status Conference,[8] during which counsel indicated that they intend to file dispositive motions on this issue, **IT IS HEREBY ORDERED** that the Motion to Strike Insufficient Affirmative Defenses[9] is **DENIED.**

New Orleans, Louisiana, April 21, 2022.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[5] *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citing *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007)).

[6] *Francois v. City of Gretna*, Civ. A. No. 13-2640, 2015 WL 13048624, at *1 (E.D. La. Apr. 3, 2015) (Berrigan, J.) (citing *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)); *Pan-Am. Life Ins. Co. v. Gill*, Civ. A. No. 89-5371, 1990 WL 58133 (E.D. La. Apr. 27, 1990) (Duplantier, J.).

[7] *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (citing authority); *Diesel Specialists, L.L.C. v. MOHAWK TRAVELER M/V*, Civ. A. No. 09-02843, 2011 WL 4063350 (E.D. La. Sept. 13, 2011) (Engelhardt, J.) (citing *Pan-Am. Life Ins. Co.*, Civ. A. No. 89-5371, 1990 WL 58133).

[8] *See,* R. Doc. 19.

[9] R. Doc. 15.